UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RAFAEL MORALES,

        Plaintiff,

   -against-

TECHNIC MANAGEMENT, INC.,
GENESIS PETROLEUM INC.,
PINNACLE PETROLEUM INC., and
ADNAN KIRISCIAGLU, an individual,

        Defendants.
-------------------------------------------------------------X

**ORDER**
22-CV-02376 (JS) (JMW)

**Penn Anderson Dodson**
Anderson Dodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
*Attorneys for Plaintiff*

*No appearance by Defendants*

**WICKS,** Magistrate Judge:

    In an action commenced by the filing of a complaint, which has not yet been served upon a defendant, can the Court compel disclosure by that defendant?

    Plaintiff Rafael Morales commenced this lawsuit against Defendants Technic Management, Inc. ("Technic"), Genesis Petroleum Inc. ("Genesis"), Pinnacle Petroleum Inc. ("Pinnacle") (collectively the "Corporate Defendants"), and Adnan Kirisciaglu ("Kirisciaglu"), alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (*See* DE 1.) Plaintiff filed his Complaint for Damages ("Complaint") on April 26, 2022. (*Id.*) The next day, Plaintiff filed the instant motion seeking an order compelling the Corporate Defendants to produce a list of the top ten shareholders (with contact information) pursuant to N.Y Bus. Corp. § 630(a) or provide a response stating grounds why they should not be required to produce this list ("Motion"). (DE 10.) This application appears to seek relief

1

*ex parte*: Defendants have neither been served nor appeared in this action.[1] It necessarily follows that no opposition was received by the Court.

In relevant part, N.Y. Bus. Corp. §630(a) provides:

> The ten largest shareholders. . . shall jointly and severally be personally liable for all debts, wages or salaries due and owing to any of its laborers, servants or employees other than contractors, for services performed by them for such corporation. Before such laborer, servant or employee shall charge such shareholder for such services, he shall give notice in writing to such shareholder that he intends to hold him liable under this section. Such notice shall be given within one hundred and eighty days after termination of such services, except that if, within such period, the laborer, servant or employee demands an examination of the record of shareholders under paragraph (b) of section 624 (Books and records; right of inspection, prima facie evidence) of this article, such notice may be given within sixty days after he has been given the opportunity to examine the record of shareholders.

Put simply, N.Y Bus. Corp. § 630 allows employees to hold the ten largest shareholders of a corporation personally liable for unpaid services. *Levine v. Zadro Prod., Inc.*, No. 02 CIV.2838 GBD, 2003 WL 21344550, at *6 (S.D.N.Y. June 9, 2003). However, in order to invoke this provision, an employee is required to serve the subject shareholders with notice. *Alves v. Affiliated Care of Putnam, Inc.*, No. 16-CV-1593 (KMK), 2022 WL 1002817, at *15 (S.D.N.Y. Mar. 30, 2022). "[A]n action to enforce such liability is required to be commenced within 90 days 'after an execution unsatisfied' against the corporation or limited liability company 'upon a judgment recovered against it for such services.'" *Imbarrato v. Banta Mgmt. Servs., Inc.*, No. 18-CV-5422 (NSR), 2020 WL 1330744, at *5 (S.D.N.Y. Mar. 20, 2020) (quoting N.Y Bus. Corp. § 630(a)).

Plaintiff contends, and as the statute plainly provides, that he has an obligation to serve a notice of intent to hold shareholders liable under N.Y. Bus. Corp §630(a) but Plaintiff maintains the issue is that he is not privy to the list of individuals to whom such notice should be directed. (*Id.*) Plaintiff attaches to the Motion a demand for books and records under N.Y. Bus. Corp. Law § 624(b) made to Kirisciaglu and Technic, dated November 5, 2021, formally demanding "a record containing the names and address of all

---

[1] No affidavits of service filed to the docket to indicate service has been effectuated on Defendants. Further, Plaintiff states he intends to serve the forthcoming Order from this Motion along with the Summons and Complaint. (DE 10 at 2.) Similarly, the Motion does not contain an affidavit of service indicating it was served on Defendants. There is no indication that Defendants are aware that this action has been commenced or that the Motion was even filed.

2

shareholders, the number of class shares held by each and the dates when they respectively became the owners of the record thereof" for Technic and any of its successor corporations, Genesis, Pinnacle, and any corporate entities affiliated with a gas station located at 664 Route 112, Medford, New York 11763. (*Id.* at Ex. 1.) According to Plaintiff, Defendants have not responded. (*Id.* at 1.)[2]

Before reaching the merits of Plaintiff's motion, the Court finds that there is a threshold fatal issue for Plaintiff: Defendants have not been served nor appeared in this action. Therefore, the Court cannot exercise personal jurisdiction over them. Indeed, before a District Court may exercise personal jurisdiction over a defendant, three requirements must be met: (1) the plaintiff's service of process upon the defendant must have been procedurally proper; (2) there must be a statutory basis for personal jurisdiction that renders such service of process effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles. *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327–28 (2d Cir. 2016). Plaintiff fails at the first step. Here, it appears that Plaintiff has strategically chosen to refrain from serving Defendants pending the Court's determination of the Motion. (*See* DE 1 at 2.) However, at this juncture, the Court is not empowered to compel Defendants to produce a list of the ten largest shareholders of the Corporate Defendants. *See, e.g.*, *Webster v. Travelers Transportation Servs. Inc.*, No. 14-CV-0060-WMS-MJR, 2016 WL 11750356, at *2 (W.D.N.Y. Mar. 22, 2016) (motion to compel deposition denied where defendant had not appeared and it was unclear whether he had been served with process); *Cipriani v. Buffardi*, No. 9:06CV0889(LEK)(DRH), 2008 WL 656742, at *1 (N.D.N.Y. Mar. 6, 2008) (same).

In addition, EDNY Local Civil Rule 6.1(d) is clear:

> No *ex parte* order, or order to show cause to bring on a motion, will be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary, and stating whether a previous application for similar relief has been made.

---

[2] This is significant because pursuant to N.Y. Bus. Corp §630(a), a laborer, servant, or employee has 180 days after termination of services to provide notice to the ten largest shareholders that they are being charged for the debts, sages, or salaries due and owing. However, if a demand for books and records under §624 is made, notice may be given within 60 days after given the opportunity to examine the record of shareholders. *See* N.Y. Bus. Corp §630(a).

The application (DE 10) does not make a clear and specific showing by affidavit of good and sufficient reasons why *ex parte* relief is necessary. Due process dictates otherwise.[3]

Based upon the foregoing, Plaintiff's motion (DE 10) is denied without prejudice after Defendants have been served.

Dated:   Central Islip, New York
         May 23, 2022

SO ORDERED:

/s/ *James M. Wicks*
   JAMES M. WICKS
United States Magistrate Judge

---

[3] The Court notes also that this is not an application brought for "pre-action" discovery under Fed. R. Civ. P. 27(a).